**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**HENRY WAYNE COLLIER,**

       **Petitioner,**

**v.**                                          **Civil No.: 5:19CV234
JUDGE STAMP**

**R. HUDGIN, Warden,**

       **Respondent.**

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

On August 5, 2019, the pro se Petitioner, Henry Collier ("Collier") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Collier has satisfied the $5 filing fee. ECF No. 13. Collier is a federal inmate housed at FCI Gilmer and is challenging the validity of his sentence from the United States District Court for the Middle District of North Carolina. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

**II. FACTUAL AND PROCEDURAL HISTORY[1]**

  **A.  Conviction and Sentence**

On February 26, 2007, a one count Indictment was returned against Collier

---

[1] Unless otherwise noted, the information in this section is taken from Collier's criminal dockets available on PACER in his four cases that were consolidated for sentencing. See <u>United States v. Collier</u>, Nos. 1:07cr55, 1:07cr119, 1:07CR120, 1:07CR307). <u>Philips v. Pitt Cnty. Mem. Hosp.</u>, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); <u>Colonial Penn. Ins. Co. v. Coil</u>, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

charging that on or about February 6, 2007, he, by force and violence and by intimidation, did take from the presence of a bank employee, money in the approximate amount of $9,800 in violation of 18 U.S.C. § 2113(a).[2] On March 26, 2007, a one count Indictment was returned against Collier charging that on or about February 2, 2007, he, by force and violence and by intimidation, did take from the presence of a bank employee, money in the approximate sum of $1,780 in violation of 18 U.S.C.§ 2113(a).[3] On March 26, 2007, a two-count indictment was returned against Collier. Count One charged that on or about December 4, 2006, he, by force and violence and by intimidation, did take from the presence of a bank employee, money in the approximate amount of $2,267, in violation of 18 U.S.C. § 2113(a). Count Two charged that on or about December 4, 2006, he, by force and violence and by intimidation, did take from the presence of a bank employee, money in the approximate sum of $2,267, and in committing this offense assaulted said bank employee and put in jeopardy the life of said bank employee by the use of a dangerous weapon, that is, a dark colored handgun; in violation of 18 U.S.C. § 2113(d).[4] Finally, on October 3, 2006, an information was filed charging that Collier, by force and violence and by intimidation, did take from the presence of a bank employee, money in the approximate sum of $1,120 in violation of 18 U.S.C. § 2113(a).[5] On October 2, 2017, Collier waived prosecution by indictment and consented that the proceeding could be by information rather than by indictment.

    Collier pleaded guilty to the information, and to each of the Indictments, except

---

[2] Criminal Case 1:07-cr-00055-WO.

[3] Criminal Case No. 1:07-cr-00119-WO.

[4] Criminal No. 1:07-cr-00120-WO

[5] Criminal Case No. 1L07-cr-00307-WO.

2

that Count 1 in 1:07cr120 was dismissed on the motion of the United States. On November 5, 2007, Collier was committed to the custody of the United States Bureau of Prisons to be imprisoned for 220 months in each case, to be served concurrently. Collier did not file a Direct Appeal.

On May 2, 2016, Collier filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Collier argued that his sentence was invalid under Johnson v. United States, 135 S.Ct. 2551 (2015). The matter was stayed pending the decision in Beckles v. United States, 137 S.Ct. 886 (2017). On June 8, 2017, the presiding United States Magistrate Judge entered a Report and Recommendation that following the Beckles decision, Collier could not obtain relief under Johnson. On July 18, 2017, the District Judge adopted the Magistrate Judge's Recommendation and dismissed Collier's second § 2255 Motion filed in each of his criminal cases.

On April 22, 2019, Collier filed another Motion to Vacate pursuant to § 2255. In it, he relied on Sessions v. Dimaya, 138 S.Ct. 1204 (2018). On May 3, 2019, the presiding Magistrate Judge recommended that the Motion be dismissed for failure to obtain certification from the Fourth Circuit Court of Appeals as required by 28 U.S.C. § 2255 and 28 U.S.C. § 2244. On June 12, 2019, the District Judge adopted the Magistrate Judge's recommendation and dismissed Collier's second Motions filed in each of his criminal cases.

**B. Collier's Claims**

In support of his § 2241 petition before this Court, Collier alleges that his four convictions for robbery no longer qualify as predicate convictions for a career offender enhancement. In support of this argument, Collier relies on Johnson and Dimaya and

3

argues that in his bank robberies, no weapon was used[6], only notes. In addition, he argues that no one was harmed, physically or otherwise and no one was restrained, tied up or gagged. Collier than cites Garcia v. Gonzales, 455 F.3d 465 (4th Cir. 2006), and maintains that an offense can only constitute a crime of violence under the force clause if it has an element that requires an intentional employment of physical force or threat of physical force. For relief, Collier requests that this Court remove the career offender enhancement and resentence him.

### III.  LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Collier's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

As a pro se litigant, Collier's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v.

---

[6] Collier appears to overlook the factual basis which led to the two-count indictment in Criminal Case No. 1:07CR120. Specifically, as a factual basis under Rule 11 of the Federal Rules of Criminal Procedure, the United States provided that at approximately 1:40 p.m. on December 4, 2006, a teller at Branch Banking and Trust ("BB&T")…was at her station by a man wearing a "cheap wig and hospital scrubs. The man handed the teller a note which read, "give me 100 – 50 – 20. I have a gun, don't set off any alarms, you have 10 seconds." The robber held open a women's purse which contained a large black handgun.

Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Collier is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

**C.  Post-Conviction Remedies and Relief**

Despite the title he affixes to his petition, Collier unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194

5

n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See

Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

### IV. ANALYSIS

Although Collier analyzes the savings clause, he is not entitled to its application. Because he is challenging his sentence, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if Collier meets the first, second, and third prongs of Wheeler, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, **advisory** Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[7] undoubtedly would bar Lester's petition had he been sentenced under the advisory

---

[7] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

Guidelines."). This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because Collier was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because Collier cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Collier shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which**

8

**objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to Collier by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: September 17, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE