IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HENRY WAYNE COLLIER,

    Petitioner,

v.                              Civil Action No. 5:19CV234
                                     (STAMP)

R. HUDGINS, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
OVERRULING PETITIONER'S OBJECTIONS AND
DISMISSING CIVIL ACTION WITHOUT PREJUDICE**

I. Background

The pro se[1] petitioner, Henry Wayne Collier, a federal inmate designated to FCI Gilmer in Glenville, West Virginia, filed a petition for habeas corpus under 28 U.S.C. § 2241. ECF No. 1. In the petition, the petitioner states that "per Dimaya[2] and Johnson,[3] the residual clause of career offender is constitutionally vague." ECF No. 1 at 5; ECF No. 1-1 at 2. The petitioner next asserts that "the career offender's definition of a crime of violence does not apply to [his] bank robbery offense." ECF No. 1 at 5. Specifically, the petitioner asserts that "federal bank robbery

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

[2] Sessions v. Dimaya, 138 S. Ct. 1204 (2018).

[3] Johnson v. United States, 135 S. Ct. 2251 (2015).

criminalizes conduct that does not require an intentional threat of physical force. Therefore, federal bank robbery fails to qualify as a crime of violence under Garcia,[4] and as such the petitioner's priors do not qualify as crime of violence [ ] under the career offender guideline." ECF No. 1-1 at 3. Moreover, the petitioner states that "[u]tilizing the reasoning in Dimaya & Johnson, in all of the petitioner's prior bank robberies, there were not weapons utilized . . . only notes. No one was harmed, physically or otherwise. No one was restrained/tied up or gagged. Simply a note presented, and money given . . . then the petitioner quickly exited the bank." Id. at 6. For relief, the petitioner requests that this Court "vacate the illegal career offender sentence and re-sentence without the career offender designation." ECF No. 1 at 8.

United States Magistrate Judge James P. Mazzone entered a report and recommendation (ECF No. 14) and the petitioner timely filed timely filed objections (ECF No. 16). In his objections, the petitioner states that "because the petitioner's brief passes the first three prongs of Wheeler,[5] this is the most glaring example that sec. 2255 is inadequate and ineffective to provide relief." Id. at 2. The petitioner asserts that "the magistrate judge relies on, what amounts to a technicality to recommend denial of the

---

[4]Garcia v. Gonzales, 455 F.3d 465 (4th Cir. 2006).

[5]United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018)

petitioner in his quest for relief." Id. The petitioner then alleges a violation of due process under the Fifth Amendment of the United States Constitution. Id. The petitioner states that judges treat the Advisory Guidelines for sentencing as mandatory guidelines, and that his sentence should be corrected. Id. at 3.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected.

## III. Discussion

This Court has conducted a de novo review of all portions of the magistrate judge's report and recommendation. In this case, for substantially the reasons stated by the magistrate judge, this Court finds that this Court lacks subject matter jurisdiction. As the magistrate judge correctly stated, the petitioner was sentenced under the post-Booker,[6] advisory Sentencing Guidelines and

---

[6] United States v. Booker, 125 S. Ct. 738 (2005) (holding that the Sentencing Guidelines do not have legal force and are purely advisory).

3

therefore cannot satisfy the fourth prong under Wheeler, 886 F.3d at 429.[7] See ECF No. 14 at 8. The magistrate judge correctly found that the petitioner has not satisfied the 28 U.S.C. § 2255(e) savings clause and is not entitled to § 2241 relief. Id. Moreover, this Court finds that the petitioner's contention pertaining to how judges treat the Advisory Guidelines for sentencing as mandatory guidelines is without merit. Accordingly, this Court upholds the magistrate judge's recommendation and overrules the petitioner's objections.

## IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 14) is hereby AFFIRMED and ADOPTED in its entirety and the petitioner's objections (ECF No. 16) are

---

[7] Under Wheeler, § 2255 is inadequate and ineffective to test the legality of a sentence when:

(1) at the time of sentencing, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the sentence;

(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.

OVERRULED.  The petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    October 29, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE